UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| In re: BLACKWATER TECHNOLOGIES, INC., a Georgia corporation, <br><br> Debtor. | : <br> : <br> : <br> : <br> : <br> : <br> : | Chapter 11 <br> Case 19- 10283 |
| BLACKWATER TECHNOLOGIES, INC., <br> Movant <br> v. <br><br> EBF PARTNERS, LLC, doing business as Everest Business Funding, <br> FORWARD FINANCING, LLC <br> UNIQUE FUNDING SOLUTIONS, LLC, <br><br> Respondents | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | |

**MOTION FOR AUTHORITY TO USE CASH COLLATERAL**

COMES NOW BLACKWATER TECHNOLOGIES, INC., Debtor and Movant herein, and hereby files this motion seeking authority to use cash collateral on an interim and ongoing basis and to provide adequate protection, respectfully showing the following:

1.

The above-styled bankruptcy case (the "Chapter 11 Case") was commenced by the filing by Debtor of a voluntary petition for relief in this Court under Chapter 11 of the Bankruptcy Code 11 U.S.C. §§1 101 *et seq.* on February 13, 2019 ("Petition Date").

2.

Debtor is a debtor-in-possession in the Chapter 11 Case, and continues to operate its business. The Debtor is operating its business and managing its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtor is a privately held corporation, organized under the laws of the State of Georgia.

1

3.

The Debtor is a privately held corporation, organized under the laws of the State of Georgia which provides low voltage electrical contracting to general and subcontractors throughout the southeastern United States. Debtor currently operates one office and warehouse facility at 270 Cable Industrial Boulevard, Carrollton, Georgia 30117. The Debtor's business (the "Business") is a fully-functional going concern that provides services to meet the needs of its customers.

4.

On or about May 30, 2018, the Debtor executed a Payment Rights Purchase and Sale Agreement in the original principal amount of $200,000.00 (hereinafter referred to as the "EBF Loan Documents") in favor of with EBF PARTNERS, LLC, doing business as Everest Business Funding. Upon information and belief, EBF has caused to be filed a Uniform Commercial Code Financing Statement in the Georgia Uniform Superior Courts Clerk's Cooperative and claims a perfected security interest in some or all of the Debtor's accounts receivable and rights to customer payments pursuant to the EBF Loan Documents.

5.

On or about July 5, 2018, Debtor executed a Payment Rights Purchase and Sale Agreement in the original principal amount of $200,000.00 (hereinafter referred to as the "Forward Loan Documents") in favor of with Forward Funding, LLC ("Forward"). Upon information and belief, Forward has caused to be filed a Uniform Commercial Code Financing Statement in the Georgia Uniform Superior Courts Clerk's Cooperative and claims a perfected security interest in some or all of the Debtor's accounts receivable and rights to customer payments pursuant to the Forward Loan Documents.

6.

On or about August 16, 2018, Debtor executed an Agreement for the Purchase and Sale of Future Receipts in the original principal amount of $190,000.00 (hereinafter referred to as the "Unique Loan Documents") in favor of with Unique Funding Solutions, LLC ("Unique"). Upon information and belief, Unique has caused to be filed a Uniform Commercial Code Financing Statement in the Georgia Uniform Superior Courts Clerk's Cooperative and claims a perfected security interest in some or all of the Debtor's accounts receivable and rights to customer payments pursuant to the Unique Loan Documents.

7.

Because all of the Uniform Commercial Code Financing Statements filed in the Georgia Uniform Superior Courts Clerk's Cooperative were filed in the names of PC Corporation or Corporation Service System, a nominee for each creditor, the Debtor is unable to determine the actual perfection and priority of the various claimed security interests in the Debtor's accounts receivable and rights to customer payments.

8.

The Debtor is not aware of any other liens or security interests in any cash collateral of the Debtor.

9.

At the time of commencement of the Chapter 11 Case, Debtor was generating monthly revenues of approximately $235,000.00 which revenues are, or may be, cash collateral as defined in Bankruptcy Code §363(a) ("the Cash Collateral.") A Budget for the six months commencing February 15, 2019 indicating monthly expenses and cost of the Business is annexed hereto as Exhibit "1" (the "Budget").

10.

The Debtor requires the use of the Cash Collateral in the ordinary course of the continued operation of its Business. Debtor seeks Court authorization, pursuant to 11 U.S.C. §363, to use Cash Collateral to use the Cash Collateral generated from the Business and otherwise: (a) for payment of the Debtor's operating expenses in accordance with the Budget, the line items of which Debtor may modify by no more than fifteen percent (15%), and Debtor may carryover any unused budgeted amount from month to month, (b) for payment of United States Trustee fees, and (c) for other matters pursuant to orders entered by this Court, except further provided that: (i) the Debtor may pay the actual amount owed or deposit required to any utility, taxing authority, the United States Trustee or insurance company and (ii) the Debtor shall be authorized to operate in the ordinary course of business in Debtor's business judgment. The Debtor has included a proposed Interim Cash Collateral Oder as Exhibit "2" hereto.

11.

Debtor requires the immediate use of Cash Collateral on an interim basis for the payment of ordinary expenses incurred on a daily basis that are essential to the ongoing operation of the Business, which expenses must be paid from Cash Collateral.

12.

Without the use of Cash Collateral, Debtor will be unable to operate the Business and to protect the Debtor's estate. Without the use of Cash Collateral, the Debtor will not be able to retain its employees and customers which are necessary to the continuity of the Debtor's business and an effective reorganization. The entry of an order granting the Debtors motion to use Cash Collateral will minimize disruption to the Debtor's Business and is in the best interest of the Debtor's estate and its creditors.

13.

Debtor proposes that this Court grant the Respondents replacement liens on the Debtor's post-petition receivables to the extent and validity of each of the Respondents' respective pre-petition liens on cash collateral.

14.

WHEREFORE, Debtor requests that the Court:

A. authorize the Debtor to pay the expenses and other expenditures reasonably necessary for the continued operation of the Debtor's Business to avoid immediate and irreparable harm to the estate as detailed on Exhibit "1" and in this Motion;

B. set this matter for an expedited hearing to determine the terms and conditions for an interim order authorizing the use of Cash Collateral and providing for payment of adequate protection;

C. grant the Debtor such other and further relief as the Court determines to be just and equitable.

This 13th day of February, 2019.

                                        SMITH CONERLY LLP
                                      Counsel for the Debtor and Movant

                                      By:  /s/ J. Nevin Smith
                                            J. Nevin Smith
                                            Georgia Bar No. 661110
                                            jsmith@smithconerly.com

Smith Conerly LLP
402 Newnan Street
Carrollton, GA 30117
770-770-834-1160 (Telephone)
770-770-834-1190 (Facsimile)
Attorneys for Debtor

EXHIBIT "1"

Budget

6

# Blackwater Technologies

| | FEB | MAR | APR | MAY | JUN | JUL | YEAR |
|---|---|---|---|---|---|---|---|
| **Employee Costs** | | | | | | | |
| Wages | $43,404.19 | $130,212.55 | $86,808.38 | $86,808.38 | $86,808.38 | $86,808.38 | $520,850.26 |
| FICA-TAX | $3,530.84 | $10,592.53 | $7,061.69 | $7,061.69 | $7,061.69 | $7,061.69 | $42,370.13 |
| Subtotal | $46,935.03 | $140,805.08 | $93,870.07 | $93,870.07 | $93,870.07 | $93,870.07 | $563,220.39 |
| | | | | | | | |
| **Office Costs** | | | | | | | |
| Office Lease | $6,800.00 | $3,200.00 | $3,200.00 | $3,200.00 | $3,200.00 | $3,200.00 | $22,800.00 |
| Merchant Services-CC | $800.00 | $800.00 | $800.00 | $800.00 | $800.00 | $800.00 | $4,800.00 |
| Electric | $1,600.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $6,600.00 |
| Water-Garbage | $405.00 | $225.00 | $225.00 | $225.00 | $225.00 | $225.00 | $1,530.00 |
| Dues-Subscriptions | $2,743.91 | $2,743.91 | $2,743.91 | $2,743.91 | $2,743.91 | $2,743.91 | $16,463.46 |
| Internet Access/ Telephone | $850.00 | $650.00 | $650.00 | $650.00 | $650.00 | $650.00 | $4,100.00 |
| Office Supplies | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $1,200.00 |
| Sales Tax | $6,000.00 | $6,000.00 | $6,000.00 | $6,000.00 | $6,000.00 | $6,000.00 | $36,000.00 |
| Licence Permits | $900.00 | $8,000.00 | $900.00 | $900.00 | $900.00 | $900.00 | $12,500.00 |
| QTR- Trust | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Freight - Postage | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $1,200.00 |
| Bank Fees | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $1,800.00 |
| Subtotal | $20,798.91 | $23,318.91 | $16,218.91 | $16,218.91 | $16,218.91 | $16,218.91 | $108,993.46 |
| | | | | | | | |
| **Payables** | | | | | | | |
| Fuel | $8,000.00 | $8,000.00 | $8,000.00 | $8,000.00 | $8,000.00 | $8,000.00 | $48,000.00 |
| Service-Repairs | $2,800.00 | $2,800.00 | $2,800.00 | $2,800.00 | $2,800.00 | $2,800.00 | $16,800.00 |
| Auto Payments | $4,762.00 | $4,762.00 | $4,762.00 | $4,762.00 | $4,762.00 | $4,762.00 | $28,572.00 |
| Secured Debit | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Non-Secured Debit | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| COGS | $63,000.00 | $63,000.00 | $63,000.00 | $63,000.00 | $63,000.00 | $63,000.00 | $378,000.00 |
| GA-Department of Revenue | $1,505.89 | $1,505.89 | $1,505.89 | $1,505.89 | $1,505.89 | $1,505.89 | $9,035.34 |
| CPA- Accountant | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $12,000.00 |
| Subtotal | $82,067.89 | $82,067.89 | $82,067.89 | $82,067.89 | $82,067.89 | $82,067.89 | $492,407.34 |
| | | | | | | | |
| **Insurance** | | | | | | | |
| Auto | $4,334.00 | $4,334.00 | $4,334.00 | $4,334.00 | $4,334.00 | $4,334.00 | $26,004.00 |
| General Lib / Workmans | $7,256.13 | $7,256.13 | $7,256.13 | $7,256.13 | $7,256.13 | $7,256.13 | $43,536.78 |
| Subtotal | $11,590.13 | $11,590.13 | $11,590.13 | $11,590.13 | $11,590.13 | $11,590.13 | $69,540.78 |
| | | | | | | | |
| **Income** | | | | | | | |
| Ordinary Income | $117,500.00 | $235,000.00 | $235,000.00 | $235,000.00 | $235,000.00 | $253,000.00 | $1,310,500.00 |
| | | | | | | | |
| Subtotal | $117,500.00 | $235,000.00 | $235,000.00 | $235,000.00 | $235,000.00 | $253,000.00 | $1,310,500.00 |
| | | | | | | | |
| **TOTALS** | | | | | | | |
| Monthly Planned Expenses | ($43,891.96) | ($22,782.01) | $31,253.00 | $31,253.00 | $31,253.00 | $49,253.00 | $76,338.03 |

EXHIBIT "2"

FORM OF ORDER

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| In re: BLACKWATER TECHNOLOGIES, INC., a Georgia corporation, | : : : : | Chapter 11 Case 19- 10283 |
| Debtor. | : : | |
| BLACKWATER TECHNOLOGIES, INC., Movant v. EBF PARTNERS, LLC, doing business as Everest Business Funding, FORWARD FINANCING, LLC UNIQUE FUNDING SOLUTIONS, LLC, Respondents | : : : : : : : : : : : | |

**INTERIM ORDER GRANTING DEBTOR'S MOTION FOR AUTHORITY
TO USE CASH COLLATERAL AND SCHEDULING FINAL HEARING ON
THE DEBTOR'S REQUEST TO USE CASH COLLATERAL**

THIS MATTER came before the Court on the Debtor's Motion For Authority to Use

7

of Cash Collateral filed on February 13, 2019 (the "Motion"). The Court, having considered the Motion, the Budget filed by the Debtor and attached hereto as <u>Exhibit "A"</u> and all other matters of record, finds as follows:

    A.    On February 13, 2019 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Georgia, Newnan Division, commencing this Bankruptcy Case (the "Case").

    B.    Since the Petition Date, Debtor has operated as a debtor-in-possession under Sections 1107 and 1108 of the Bankruptcy Code.

    C.    Debtor is a Georgia corporation and as its business, Debtor owns and operates a low voltage electrical contracting company located at 270 Cable Industrial Boulevard, Carrollton, Georgia 30117. The Debtor's business (the "Business") is a fully-functional going concern that provides services to meet the needs of its customers.

    D.    Upon information and belief, EBF PARTNERS, LLC, doing business as Everest Business Funding LLC, FORWARD FINANCING, LLC, and UNIQUE FUNDING SOLUTIONS, LLC ("Respondents") assert an interest in Debtor's Cash Collateral as detailed in the Motion. Debtor asserts that based upon a review of records and financing statements, it does not appear that any other party asserts an interest in Debtor's Cash Collateral.

    E.    Debtor shows that it requires the use of Cash Collateral to pay its payroll and pay its other operating expenses.

    F.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This case is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Notice has been

properly given in light of the circumstances in order to avoid irreparable harm to the Debtor's estate.

For the reasons stated on the record, and the Court being otherwise informed, it is hereby ORDERED that:

1. The aforesaid findings, enumerated in paragraphs A through F above, are hereby incorporated into this Order as if fully set forth herein.

2. For as long as the Debtor faithfully performs its obligations under this Order and until 11:59 p.m. EDT on the date of the Final Hearing (as defined herein); or as extended by the Court or consent of the parties, the Debtor shall have the right to use the Cash Collateral on an interim basis subject to the terms of this Order.

3. Debtor is authorized to use Cash Collateral generated from the Business as required in Debtor's business judgment in accordance with the Budget (the line items of which Debtor may modify by no more than fifteen percent (15%) and Debtor may carry over any unused budgeted amount) and for other amounts allowed or awarded pursuant to orders entered by this Court after appropriate notice and hearing. Notwithstanding anything to the contrary herein, Debtor may use Cash Collateral to pay the actual amount owed or deposit required to any utility, taxing authority (for post-petition taxes), the United States Trustee or insurance company as actually due and needed in Debtor's business judgment.

4. For purposes of providing adequate protection to Respondents' for the Debtor's use of Cash Collateral, without limiting any security interests or liens in the post-petition Collateral that are granted or extended to Respondents pursuant to 11 U.S.C. § 552, Respondents are hereby granted a security interest in, and lien upon all of the post-petition

9

cash collateral to the same extent, validity, amount, and priority as Respondents' pre-petition security interests and lien upon such cash collateral (the "Replacement Liens") to secure against any diminution in value of any prepetition cash collateral in which Respondents holds a valid, enforceable and perfected security interest resulting from the Debtor's use of Cash Collateral.

5. This Order is without any prejudice to Respondents' rights to dispute at any time the Debtor's continued use of the Cash Collateral, seek relief from the stay or dismissal of this Case, and contest the nature, extent, validity or priority of any lien or security interest; and the entry of this Order is not to be interpreted as an agreement by Respondents to support or accept final use of Cash Collateral, the filing of the Debtor's bankruptcy petition, any plan of reorganization or disposal of assets under Section 363 of the Bankruptcy Code, or any other proposed treatment of Respondents' asserted claim(s). To the extent that any Respondent disputes the Debtor's continued use of cash collateral, the Court may hear such motion on an emergency basis at the Court's earliest availability.

6. This Order is entered without prejudice to the rights of Respondents or other creditors to seek additional adequate protection or other relief available under the Bankruptcy Code, other applicable law or applicable loan documents. Nothing herein shall be construed or interpreted as consent by any Respondent to entry of a final order authorizing the use of Cash Collateral. Entry of this Order is without prejudice to the rights of any Respondent, creditors or any party in interest to challenge or otherwise contest entry of a final order authorizing the use of Cash Collateral.

7. This Order is also entered without prejudice to the claims, rights, and actions

that:

(A) Debtor may have to challenge the nature, validity, or extent of the liens or debts asserted by any Respondent; and (B) Respondents may assert in any action by Debtor to challenge the nature, validity, or extent of the liens or debts it may assert.

8. Notwithstanding anything to the contrary within Bankruptcy Rule 4001(b)(2) or any other rule of similar import, this Order shall be effective immediately upon its entry.

9. This Order shall constitute an interim order for the authorization to use the Cash Collateral pursuant to Section 363 of the Bankruptcy Code and Fed.R.Bankr.P. 4001(b)(2). Any person who objects to the relief provided herein on a final basis:

a. **Must file** a written objection, stating the grounds therefor, on or by March ___, 2019[1] ("Objection Deadline"):

> Clerk, U.S. Bankruptcy Court
> 2nd Floor Courtroom
> Lewis R. Morgan Federal
> Building, 18 Greenville Street,
> Newnan, GA 30263

b. **Must serve** a copy of said objection on Debtor's counsel so that such written objection is received by Debtor's counsel by the Objection Deadline at the following address:

> J. Nevin Smith
> Smith Conerly LLP
> 402 Newnan Street
> Carrollton, GA 30117

c. **Must advocate** the objection at the Final Hearing. If objections are timely filed and served by the Objection Deadline in accordance with this Order, a Final

11

Hearing will be held on the \_\_\_\_ **day of March, 2019 at \_\_\_\_\_ am in 2nd Floor Courtroom Lewis R. Morgan Federal Building, 18 Greenville Street, Newnan, GA.**. Any objection not timely filed, served and advocated at the hearing shall be deemed waived. If no objection is filed as set forth above by the Objection Deadline[1], this Order and the relief granted herein shall thereupon stand APPROVED on a final basis without further notice or hearing.

**[End of Order]**

**Prepared and presented by:**

By:  /s/ J. Nevin Smith
J. Nevin Smith (Ga Bar No. 661110)
jsmith@smithconerly.com
402 Newnan Street
Carrollton, Georgia 30117
(770) 834-1160 (telephone)
(770) 834-1190 (facsimile)
*Proposed Counsel for the Debtor*

**Distribution List:**

J. Nevin Smith
Smith Conerly, LLP
402 Newnan Street
Carrollton, GA 30117

Office of the United States Trustee
Suite 362
Richard B. Russell Building
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303

---

[1] The deadline for filing objections electronically through the Court's electronic case filing system shall be 11:59:59 p.m. The deadline for filing objections manually with the Clerk's office shall be 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| In re:  BLACKWATER TECHNOLOGIES, INC., a Georgia corporation, | : : : : : | Chapter 11 Case 19- 10283 |
| Debtor. | : : : | |
| BLACKWATER TECHNOLOGIES, INC., Movant v. EBF PARTNERS, LLC, doing business as Everest Business Funding, FORWARD FINANCING, LLC UNIQUE FUNDING SOLUTIONS, LLC, Respondents | : : : : : : : : : : : : | |

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the date below I served a true and correct copy of the *Motion Requesting Entry of Authorizing the Use of Cash Collateral* via electronic mail and/or First Class Mail on the following parties listed below.:


Jeneane Treace
United States Department of Justice
Office of the United States Trustee
Suite 362, Richard B. Russell Building
75 Spring Street, SW
Atlanta, GA 30303
Jeneane.Treace@usdoj.gov


Everest Business Funding
8200 NW 52nd Terrace, 2ndFlr.
Doral, FL 33166
coj@ev-bf.com

13

Karen Saunders-Smith
Berkovitch & Bouskila, PLLC
5 Hanover Sq. Suite 2101
New York, NY. 10004
karen@bblawpllc.com

Forward Financing LLC
100 Summer Street, Suite 1175
Boston, MA 02110
nhalulakos@forwardfinancing.com

Unique Funding Solutions, LLC
2715 Coney Island Avenue
Brooklyn, NY 11235
sumayah@ivyreceivables.com

Joe Liberman, Esq.
815 Centeral Avenue
Lawerence, NY 11559
joe@ivyreceivables.com


Accu-Tech Corporation
660 Hembree Pkwy
Roswell, GA 30076


Alabama Department of Revenue
50 N Ripley St
Montgomery, AL 36132-7790


Ally Auto Finance
P.O. Box 9001948
Louisville, KY 40290-1948


Anixter Inc.
PO Box 847428
Dallas, TX 75284

14

CMS
P.O. Box 871874
Kansas City, MO 64187-1874


Cincinnati Insurance
P.O. Box 145620
Cincinnati, OH 45250-5620


EDGE Fire Protection, Inc.
7 Monroe Dr.
Pelham, AL 35124


Eldeco
5751 Augusta Road
Greenville, SC 29605


Georgia Department of Revenue
P.O. Box 740321
Atlanta, GA 30374-0321

Lafon & Hall (SDI)
1301 Bombay Lane
Roswell, GA 30077


Notifier-AL/Honeywell
C/O Bank of America
Chicago, IL 60693


Notifier-GA/Honeywell
C/O Bank of America
Chicago, IL 60693


15

Potter Signal
5757 Phantom Drive
St. Louis, MO 63042

Pro-Tec Fire & Safety
3440 Pro-Tec Way
Loganville, GA 30052

Robinson's Electric
125 Levi Patterson Road
Waco, GA 30182

Southeastern System Tech.
PO Box 780
Baxley, GA 31515

Stentofon/Zenitel USA, Inc.
6119 Conneticut Avenue
Kansas City, MO 06412

Systems Distributors
1301 Bombay Lane
Roswell, GA 30077

TRI-ED/ANIXTER
3625 Cincinnati Avenue
Rocklin, CA 09576

Xtralis Inc
175 Bodwell St
Avon, MA 02322

16

This 13th day of February, 2019.

        SMITH CONERLY LLP
        Counsel for the Debtor and Movant


By: /s/ J. Nevin Smith
    J. Nevin Smith
    Georgia Bar No. 661110
    jsmith@smithconerly.com

Smith Conerly LLP
402 Newnan Street
Carrollton, GA 30117
770-770-834-1160 (Telephone)
770-770-834-1190 (Facsimile)